IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Frank Tolen, Jr., III, #246966, | ) | C/A No.: 1:11-2776-RBH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Director Byars; David M. Tatarsky; Warden M. McCall; Mr. Steven McCarthy, Canteen Manager, | ) | |
| Defendants. | ) | |

Frank Tolen Jr. ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues SCDC Director William Byars, SCDC General Counsel David Tatarsky, PCI Warden Michael McCall, and PCI Canteen Manager Steven McCarthy as defendants (collectively "Defendants"). This matter is before the court on Defendants' motion for summary judgment. [Entry #41]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.   Factual Background

Plaintiff alleges that on February 15, 2011, while he was working in the cafeteria as a dining room worker, he hung his coat in the assigned area with his ID attached to it.

[Entry #32-2 at 3]. Plaintiff claims that the ID card, which is used by inmates to purchase items from the canteen and which he was required to wear at all times, was stolen around 7:15 that morning. Plaintiff alleges that he informed food service supervisor Ms. Force of the incident, and she notified Lt. Williams. *Id*. According to the complaint, another inmate had stolen the ID and, subsequent to Plaintiff's report of the theft, had charged $124.79 worth of items from the canteen on Plaintiff's account. *Id.* at 4.

Plaintiff further alleges that Defendants recovered the items from the other inmate, but still did not refund Plaintiff's account. *Id.* The written denial of Plaintiff's grievances requesting a refund about this matter states "Your negligence in leaving your ID card on your jacket does not make SCDC liable for the contents stolen from your jacket." [Entry #32-4]. Plaintiff alleges that Defendants' failure to deactivate the ID card more quickly or prohibit the other inmate's use of Plaintiff's card violated his constitutional rights. Specifically, Plaintiff asserts that Defendants violated his due process and equal protection rights. [Entry #32-2 at 2]. He seeks reimbursement of the $124.79 plus costs in this action. *Id*. at 5.

Defendants filed their motion for summary judgment on July 25, 2012. [Entry #41]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #42]. Plaintiff filed a timely response to Defendants' motion on August 2, 2012. [Entry #44]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

II. Discussion

A. Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

Plaintiff claims Defendants violated his due process and equal protection rights. The due process clause of the Fourteenth Amendment prohibits a deprivation of property without due process of law. *Dusenbery v. United States*, 534 US 161, 167 (2002). A prisoner has a protected property interest in his prison trust account. *Burks v. Pate*, 119 Fed. Appx. 447 (4th Cir. 2005). However, according to Plaintiff's factual allegations, another inmate stole his ID card and used the funds to purchase items at the canteen. Therefore, Plaintiff alleges that another inmate, and not Defendants, deprived him of funds after stealing his ID card. *See generally* Am. Compl. [Entry #32-1]. Although Plaintiff argues that Defendants should have prevented the deprivation of funds, Plaintiff has not provided any reasons or authority for his claim that Defendants' alleged failures constitute due process violations under the Constitution. It is also clear that "the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property . . . [W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Plaintiff has provided no evidence, through affidavit or otherwise, that Defendants deliberately failed to deactivate his card more quickly or knowingly allowed another inmate to use

Plaintiff's ID. Additionally, Plaintiff has provided no authority that the due process clause of the Constitution requires Defendants to refund his account where his own negligence allowed his ID to be stolen.

Additionally, Plaintiff provides no allegations that he was treated differently than other similarly-situated inmates. Therefore, his claim of an equal protection violation must fail. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (holding that in order to succeed on an equal protection claim, the plaintiff must show that he has been treated differently from others similarly situated and that the treatment was caused by intentional discrimination). Therefore, the undersigned recommends Defendants' motion for summary judgment be granted.

III. Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #41] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 31, 2012　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).