IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Frank Tolen, Jr., #246966, ) | Civil Action No.: 1:11-cv-02776-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Director Byars; David M. Tatarsky; ) | |
| Warden M. McCall; Mr. Steven ) | |
| McCarthy, Canteen Manager, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In her R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Frank Tolen, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that his identification card, which is used by inmates to purchase items from the prison canteen and which he was required to wear at all times, was stolen along with his jacket while he was working in the cafeteria as a dining room worker. He claims he had placed the jacket and identification card in a secured area and that he informed his supervisor of their theft.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Subsequently, according to the complaint, another inmate charged $124.79 worth of items from the canteen to the Plaintiff's account.

Plaintiff asserts that prison officials were negligent in failing to deactivate his identification card immediately after the theft of the card was reported, and before the canteen purchase, and that Defendant McCarthy violated South Carolina Department of Corrections ("SCDC") policies in permitting another inmate to use Plaintiff's card at the canteen. His claims against Defendants Byars, Tatarsky,[2] and McCall regard their failure to enforce SCDC policies and properly supervise their subordinates.[3] Plaintiff alleges he was denied due process and equal protection when he was not reimbursed for the loss, even after prison officials reclaimed the items purchased from the canteen. He seeks reimbursement of the $124.79 plus costs in this action. Compl., ECF No. 1.

Defendants filed a motion for summary judgment on July 25, 2012. Mot. for Summ. J., ECF No. 41. They contend that Plaintiff failed to state a constitutional claim under either the Due Process Clause or the Equal Protection Clause. They included an affidavit from Defendant McCarthy attesting that an operator at the canteen accepted Plaintiff's card before he was notified by Plaintiff of the theft. McCarthy Aff., ECF No. 41-2. Furthermore, Defendant McCall submitted an affidavit stating that inmates were informed that they must keep their identification cards on them at all times and to report stolen cards to Linda Seneca, who was not aware of the theft of Plaintiff's card until the following day. McCarthy Aff., ECF No. 41-3. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion.

---

[2] Plaintiff's claim against Defendant Tatarsky, who is legal counsel for SCDC, arises from Tatarsky's handling of his grievance.
[3] Plaintiff also brings an Eighth Amendment claim against Defendant McCall.

Plaintiff filed a timely response to Defendants' motion on August 2, 2012. Resp. to Defs.' Mot. for Summ. J., ECF No. 44. He provided no evidentiary support to his response.

The Magistrate Judge issued her R&R on August 31, 2012, R&R, ECF No. 45, and Plaintiff filed timely objections to the R&R on September 14, 2012, Pl.'s Objs., ECF No. 47.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, she concludes that Plaintiff fails to state a constitutional claim arising out of the theft

3

of funds held in his prison trust account. R&R 4-5. In his objections, Plaintiff points out that Defendants were aware that his identification card was missing and did nothing to prevent his trust funds from being stolen, and that their actions established a clear breakdown of SCDC policy. He argues that no other remedy existed to prevent his stolen identification card from being used to steal his trust funds and that he should not be held liable for another inmate's actions. Thus, he concludes, he is entitled to a reimbursement by SCDC because they deprived him of a property interest. Pl.'s Objs. 1-3.

The Court finds no error in the Magistrate Judge's recommendation. Notwithstanding the fact Plaintiff's objections largely rehash the allegations of his complaint, a *de novo* review by this Court reveals no merit to Plaintiff's claim that his due process rights were violated.[4] The Due Process Clause of the Constitution provides no basis for liability stemming from what, at most, amounts to the mere negligence of prison officials, as alleged by Plaintiff in his complaint.[5] *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) ("To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Contrary to Plaintiff's objection, adequate post-deprivation remedies are available in state tort law. *Daniels*, 474 U.S. at 332 ("Our Constitution . . . does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injures that attend living together in society.").

---

[4] Plaintiff does not object to the Magistrate Judge's conclusion that he "provide[d] no allegations that he was treated differently than other similarly-situated inmates" and that "his claim of an equal protection violation must fail." R&R 5.

[5] Although Plaintiff alleges "deliberate indifference" in his complaint, the legal conclusion is not supported by any factual allegations in his complaint. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Additionally, the Court cannot find that Plaintiff, in his response to Defendants' motion for summary judgment, has created a genuine dispute of any fact relevant to a constitutional claim. Fed. R. Civ. P. 56(a), (e).  Plaintiff presents no evidence with his response to dispute evidence in the record that Defendant McCarthy was not the one who made the canteen sale, McCarthy Aff. 1, or that Defendant McCall believed Plaintiff had acted negligently in following SCDC policy, McCall Aff. 2.  Plaintiff's objections, therefore, are overruled.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's claims are **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 27, 2012
Florence, South Carolina